**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**FILED**

July 07, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____
DEPUTY

| | | |
|---|---|---|
| **MICHAEL DAVID MARIN RIOS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **NO. SA-26-CV-2559-OLG** |
| | § | |
| **MARKWAYNE MULLIN** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

Pending before the Court is the status of this habeas action. The parties appear to agree that, because Petitioner was admitted to the United States and overstayed his visa, he is entitled to a bond hearing under § 1226(a). Yet no bond hearing has been held. According to Respondents, Petitioner was not denied a bond hearing; he merely "failed to take advantage of the process." Dkt. No. 4 at 2. That is, he did not ask "the immigration judge for a bond hearing or for release on bond." *Id.* According to Petitioner, a bond hearing "has not been afforded to [him] despite his request." Dkt. No. 5 at 1.[1] Upon consideration,

**IT IS ORDERED** that, by **Thursday, July 9, 2026**, Petitioner shall submit a supplemental pleading substantiating his claim that he requested a bond re-determination hearing before an immigration judge. Petitioner shall append any relevant documentary evidence.

**SIGNED** on July 7, 2026.

ORLANDO L. GARCIA
United States District Judge

---

[1]Much of Petitioner's briefing discusses inapplicable authorities on the constitutionality of mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See* Dkt. Nos. 1; 5. Petitioner is not detained under § 1225(b)(2)(A). Nor was Petitioner previously detained and released, as he repeatedly suggests. *See* Dkt. Nos. 1; 5. He was admitted to the United States on a visitor visa, overstayed that visa, and was detained when encountered by immigration authorities. *See* Dkt. No. 4-1 at 1.