**FILED**

July 15, 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL DAVID MARIN RIOS, | § | |
| Petitioner, | § | |
| v. | § | NO. SA-26-CV-2559-OLG |
| MARKWAYNE MULLIN *et al.*, | § | |
| Respondents. | § | |

## ORDER

Pending before the Court is the status of this habeas action. The parties agree that, because Petitioner was admitted to the United States and overstayed his visa, he is entitled to a bond hearing under 8 U.S.C. § 1226(a). No bond hearing has been held, however. That is because Petitioner never requested one. *See* Dkt. No. 7 at 1. Petitioner initiated this habeas case anyway, challenging his detention on the grounds that, because he never received a bond hearing, Respondents denied him due process.[1] *See* Dkt. No. 1 at 11.

Petitioner is correct that he is entitled to due process. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). But whether he exercises his right to that process—as set forth in § 1226(a)—is up to him. Thus far, he has declined to do so. Insofar as Petitioner contends that the established process itself is unconstitutional because it impermissibly places the burden on him to demonstrate that he is neither a flight risk nor a danger to the community, he is mistaken. The Court has repeatedly held

---

[1] Petitioner repeatedly suggests that he was previously detained and released by immigration authorities and, therefore, entitled to immediate release. *See* Dkt. Nos. 1; 5. That is not so. "He was admitted to the United States on a visitor visa, overstayed that visa, and was detained when encountered by immigration authorities." Dkt. No. 6 n.1.

Petitioner also asserts entitlement to habeas relief based on the *Accardi* doctrine. *See* Dkt. No. 1 at 13–14. This claim—which is unavailing and not properly before the Court in a habeas proceeding—will therefore be dismissed. *See Chi v. Warden, Bluebonnet Det. Facility*, No. 26-CV-067-H, 2026 WL 1062625, at *6 (N.D. Tex. Apr. 13, 2026) (explaining that an *Accardi* claim "is inapposite in a petition for habeas relief").

that "requiring Petitioner to bear the burden of proof at his bond hearing does not offend his right to due process." *See Rahimi v. Thompson*, No. 25-CV-1338, Dkt. No. 23 at 5–6 (W.D. Tex. Apr. 7, 2026).

**IT IS THEREFORE ORDERED** that the Petition (Dkt. No. 1) is **DISMISSED** insofar as Petitioner asserts non-habeas claims and **DENIED** in all other respects.

This case is **CLOSED**.

**SIGNED** on July _____, 2026.

_____
ORLANDO L. GARCIA
United States District Judge

2